IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ABEL ALLENDE ESPARZA,<br>  A#90 564 231 | * | |
|            Petitioner, | * | |
| v. | * | CIVIL ACTION NO. DKC-05-3374 |
| DEPARTMENT OF HOMELAND<br>  SECURITY | * | |
|            Respondent. | * | |
| | *** | |

**MEMORANDUM**

I. Procedural History

On December 19, 2005, the Clerk received for filing this "Petition for Immediate Release," treated as a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Abel Esparza. Petitioner attacks his continued detention by the Department of Homeland Security ("DHS") pending appeal of Immigration Judge Bruce Barrett's September, 2005, decision to dismiss immigration proceedings with prejudice due to a defective charging document. On February 6, 2006, Respondent filed its Response to the Petition. No reply was filed. The case is ready for this court's consideration. No hearing is deemed necessary. *See* Local Rule 105.6. (D. Md. 2004).

II.     Discussion

The facts placed in the record before this Court are not in dispute. Petitioner is a native and citizen of Mexico who attempted to enter the United States at Atlanta, Georgia as a returning lawful permanent resident on February 14, 2005. During his inspection at the Atlanta Hartsfield Airport it was determined that Petitioner had an extensive criminal record. His inspection was deferred to Baltimore, Maryland and he was advised to produce copies of his criminal convictions records. Paper No. 3, Ex. A. Petitioner was interviewed by a U.S. Customs and Border Protection ("CBP") Immigration Officer at Baltimore-Washington International Airport on May 13, 2005. During the

course of the interview, Petitioner admitted under oath that he had been convicted of (i) possession of a controlled substance in Baltimore, Maryland on June 5, 1996, (ii) possession of a controlled substance in Baltimore, Maryland on July 7, 1999, and (iii) malicious destruction of property on April 15, 1997.  Paper No. 3, Ex. B.

The CBP issued a Notice to Appear ("NTA") on the date of the May 13, 2005, interview, charging Petitioner as inadmissible to the United States as an alien convicted of a law relating to a controlled substance under Immigration and Naturalization Act ("INA") § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), and as an alien convicted of a crime involving moral turpitude under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I).  Paper No. 3, Ex. C.  Petitioner was taken into custody that same day.

On or about July 13, 2005, Immigration and Customs Enforcement ("ICE") Assistant Chief Counsel filed with Immigration Judge Barrett and served on Petitioner evidence in support of the charges, including certified copies of Petitioner's record of convictions.  *Id.*, Ex. D.  On August 26, 2005, Petitioner appeared before Judge Barrett.[1]  Judge Barrett terminated the removal proceedings, finding that the NTA was defective because it failed to contain particularized information regarding Petitioner's entry location and the court locale of his criminal convictions.  *Id.*, Ex. E.

On September 13, 2005, the CBP issued a new NTA.  *Id.*, Ex. F.  According to Respondent, the new NTA contained the same charges presented in the May, 2005, NTA, but corrected the alleged deficiencies noted by Judge Barrett when he terminated the removal proceedings.  On September 23, 2005, Petitioner again appeared before Judge Barrett.  Petitioner admitted all of the allegations contained in the NTA except the CBP claim that he had been convicted of drug charges on July 7, 1999.  Paper No. 3, Exs. G & H.  At the conclusion of the hearing Judge Barrett again

---

[1]   The case did not go forward until that date because Petitioner had been placed under quarantine at a local detention facility.  Paper No. 3, Ex. E.

terminated the removal proceeding with prejudice, finding that the NTA allegations were unclear as to whether three of the convictions which comprised the charges had occurred in Baltimore City or Baltimore County. *Id.* On September 27, 2005, ICE filed a timely appeal to the Board of Immigration Appeals ("BIA"). *Id.*, Ex. I. The appeal remains pending before the BIA as of the within signature date. Petitioner continues to be held by ICE.

III. Analysis

A determination of an Immigration Judge is not administratively final where an appeal is taken to the BIA. *See* 8 C.F.R. § 1003.39. A decision of the BIA becomes administratively final unless the case is remanded to the Immigration Judge or certified to the Attorney General. *See* 8 C.F.R. § 1003.1(d)(6). Upon application of these regulations, Petitioner clearly remains in removal proceedings.

As correctly noted by Respondent, the majority of aliens may be released from immigration custody during their removal proceedings upon posting bond. *See* INA § 236(a), 8 U.S.C. § 1226(a). Petitioner is not, however, subject to these bond provisions. Rather, he continues to be held in custody under the mandatory detention provisions of INA § 236(c), 8 U.S.C. § 1226. Section 236(c) provides that aliens who are removable from the United States due to certain categories of criminal convictions or terrorist activity are subject to mandatory custody and may not be released on bond. These categories include convictions of (i) crimes involving a controlled dangerous substance, or (ii) offenses involving moral turpitude. *See* INA § 236(c)(1)(b), 8 U.S.C. § 1226(c)(1)(b). Under the charging documents, Petitioner's convictions encompass these two categories.

Petitioner does not refute his criminal history, but claims that based upon (i) Judge Barrett's decision to terminate the removal proceedings with prejudice, (ii) his strong ties to the Baltimore,

3

Maryland community, (iii) his home and employment plan, and (iv) his medical condition, he should be released from confinement. While the court is sympathetic to Petitioner's situation, his § 2241 challenge to his mandatory detention is foreclosed by the Supreme Court decision in *Demore v. Kim*, 538 U.S. 510 (2003).[2] *Kim* held that "[d]etention during removal proceedings is a constitutionally permissible part of [the removal] process" and that, in particular, a lawful permanent resident alien may be detained during the "limited period of his removal proceedings" without an individualized determination of the alien's flight risk or the danger he might pose to the community. *Id*., 538 U.S. at 531. The Court reaffirmed its view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings and upheld the mandatory detention of criminal aliens pursuant to § 236(c) as a constitutionally permissible part of the removal process. *See id*. The Court further concluded that, notwithstanding evidence that other courses of action were available to Congress, the Government was not obligated under the Due Process Clause "to employ the least burdensome means to accomplish its goal" in "dealing with deportable aliens." *Id*. at 528. In sum, the *Kim* opinion held that the § 236(c) mandatory detention provision for criminal aliens is a constitutionally permissible part of the removal process and does not violate the Due Process Clause of the Constitution.

Petitioner has now been held in § 236(c) detention for approximately 10 months. During that period of time: (i) immigration review was thrice postponed due to his quarantine at a detention center; (ii) his NTA was found to be technically defective on two occasions; (iii) his removal proceedings were dismissed with prejudice on September 23, 2005, and (iv) the Government filed

---

[2] The Supreme Court considered the constitutionality of § 236(c) to resolve a conflict among the circuit courts. The Third Circuit had upheld a facial challenge to § 236(c). *See Patel v. Zemski*, 275 F.3d 299 (3d Cir. 2001). The Fourth, Ninth and Tenth Circuits each held that § 236(c) was unconstitutional as applied to specific legal permanent resident alien petitioners. *See Welch v. Ashcroft*, 293 F.3d 213 (4th Cir. 2002); *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002); *Kim v. Ziglar*. 276 F.3d 523 (9th Cir. 2002). The Seventh Circuit had upheld the constitutionality of § 236(c) in *Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999).

an immediate appeal to the BIA which remains pending. There is no showing, however, that Petitioner's continued detention, for limited purposes of his removal, has been substantially delayed in an unreasonable manner. Moreover, there has been no demonstration that Petitioner is facing a significant period of detention for an indeterminate period of time. Finally, the record plainly shows that Petitioner conceded the charges of removability during the course of his May 13, 2005, interview and at his September 23, 2005, hearing before Judge Barrett.[3] Thus, Petitioner's current detention during the pendency of his removal proceeding does not violate due process and is constitutional.

IV.   Conclusion

For the aforementioned reasons, this petition for writ of habeas corpus shall be dismissed without prejudice.[4] A separate Order follows.


Date:   3/14/06                                   /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge

---

[3] In a concurring opinion in *Kim*, Justice Kennedy indicated that he understood the majority opinion to allow a challenge to § 236(c) detention when, for example, there has been an unreasonable delay by the DHS or when the criminal alien does not concede deportability. *Kim*, 538 U.S. at 531-533. These comments were, however, made in a concurring opinion. In any event, Petitioner presently does not fall into any of the exceptions noted by Justice Kennedy.

[4] The court makes two observations. First, with the dismissal of this case without prejudice, Petitioner is free to re-file a § 2241 petition should he wish to challenge anew his mandatory detention due to unforeseen delays in the removal process. Further, to the extent that Petitioner wishes to raise a constitutional challenge to his medical care at the local detention facility, he is free to file a 42 U.S.C. § 1983 civil action against officials and medical personnel at the Dorchester County Detention Center. A § 1983 forms packet shall be provided to Petitioner